IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**HARDI NORTH AMERICA, INC.**                                      **PLAINTIFF**

vs.                                       **CIVIL ACTION NO. 4:18-cv-083-DMB-JMV**

**CHARLES JOSEPH SCHINDLER II a/k/a
CHARLES SCHINDLER;
CHARLOTTE ASHLEY SCHINDLER, a/k/a
CHARLOTTE FLEMMONS, a/k/a ASHLEY ROBERTSON;
DELTA SOUTHERN CHEMICAL COMPANY, LLC; and
SOUTHERN GULF COAST FUEL, LLC**                      **DEFENDANTS**

---

**ORDER**

---

This matter is before the court on Defendants', Charles Joseph Schindler, II and Charlotte Ashley Schindler, motions [64] and [65] to Stay the [60] and [61] summary judgement motions filed against them. For the reasons discussed below, echoing the discussion at today's supplemental case management conference, the motions to stay will be DENIED.

*Fed.R.Civ.P.* 56(d) provides the standard for the instant motions, and reads as follows:

> When Facts Are Unavailable to The Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Defendants have failed to present their request for relief in the form of an affidavit or declaration, as required by the rule. Further, the Fifth Circuit has ruled that motions for additional discovery pursuant to *Fed.R.Civ.P.* 56(d):

> may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts. Instead, a party must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time

1

frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.

*Prospect Capital Corp. v. Mut. of Omaha Bank*, 819 F.3d 754, 757 (5th Cir. 2016) (citations and internal quotation marks omitted).

Defendants have also failed to allege the particularized assertions in support of their request for relief as required by the rule. For these reasons the Defendants' motions will be denied for failure to comply with *Fed.R.Civ.P.* 56(d).

However, the parties are ordered to supplement all disclosures under *Fed.R.Civ.P.* 26 within (3) three business days, and all defendants are required to file any desired response to the above referenced motions for summary judgement, as well as the [58] motion for summary judgment against Delta Southern Chemical Company, LLC, on or before (10) ten business days of today's date.

SO ORDERED, this the 10th day of October, 2018.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE